FILED

2004 MAR 24 AM 11: 33

CLERK U.S. DISTRICT COURT
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHANNON CASH,

    Plaintiff,

vs.                         Case No. 8:04CV 612-T27 TGW

HEIDT & ASSOCIATES, INC.,      JURY TRIAL DEMANDED
                                             INJUNCTIVE RELIEF SOUGHT

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SHANNON CASH, sues Defendant, HEIDT & ASSOCIATES, INC. and alleges as follows:

**Jurisdiction and Venue**

1. This is an action brought pursuant to the Uniform Services Employment and Re-employment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301 *et seq.* and section 250.481, Florida Statutes (2003).

2. Jurisdiction of this action is conferred on this Court by 38 U.S.C. § 4323(b)(3) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue lies in the Middle District of Florida pursuant to 38 U.S.C. § 4323(c)(2) because the Defendant employer maintains a place of business in this district. Venue also lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c), as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this district, and the Defendant is subject to personal jurisdiction in this district.

## Parties

4.  Plaintiff, Shannon Cash resides in Hillsborough County, Florida and was, at all material times, an employee of and employed by Defendant, Heidt & Associates, Inc. From October, 2001 until January 23, 2004, Plaintiff was a member of the Florida Air National Guard.

5.  Defendant, Heidt & Associates, Inc. is a Florida corporation which does business in Hillsborough County, Florida. At all material times, Defendant was Plaintiff's employer.

## Factual Allegations

6.  Defendant hired Plaintiff on May 13, 2002, as a Geographic Information System ("GIS") Technician in Defendant's Tampa office. Plaintiff also performed duties as an assistant network administrator. Alan McDonald was his supervisor.

7.  At the time he was hired, Plaintiff was serving in the Florida Air National Guard as a Technical Sergeant in the 202nd Red Horse Squadron. Plaintiff had previously served in the Air Force. He received his honorable discharge from the Air Force under honorable conditions in July of 2001, having achieved the rank of Staff Sergeant E-5. While he was enlisted in the Air Force, Plaintiff received numerous awards and commendations, including four Air Force Achievement Medals.

8.  In December of 2002, Plaintiff received word that his guard unit would be activated in connection with the impending hostilities in Iraq. He immediately notified his supervisor and other managerial employees of Defendant. In response, Defendant's management held a going-away party for Plaintiff.

9.  Plaintiff was activated on or about January 19, 2003, and his unit was deployed to the Al Dafra Air Force Base in the United Arab Emirates and the Al Udid Air Force Base in Qatar. His

2

unit was responsible for construction and operations support during the war in Iraq. Plaintiff served as a lead engineering assistant and non-commissioned officer in charge. Plaintiff received several commendations for his service during the war, including another Air Force Achievement Medal.

10. Plaintiff was deployed for approximately ten months, from January 19, 2003 until October 31, 2003. He returned to Jacksonville, Florida on or about September 11, 2003, for out-processing. When he returned to Florida, Plaintiff was eager to return to work. He immediately reported to his supervisor, Alan McDonald, and requested that he be permitted to return to work.

11. Although Plaintiff's deployment orders did not end until October 31, 2003, Plaintiff took leave so that he could return to work for Defendant on or about October 8, 2003.

12. Prior to Plaintiff's deployment, he was an exemplary employee. After only seven months on the job, Plaintiff received a $4,000.00 performance bonus in November, 2002.

13. While Plaintiff was deployed, Defendant hired another employee, purportedly to "pick up the slack" for Plaintiff. When Plaintiff returned from serving his country, Defendant permitted Plaintiff to return to work, but the other employee, a recent college graduate, remained in Plaintiff's former position.

14. Consequently, when he returned to work, Plaintiff no longer had a desk. He was forced to move from one office to another trying to find a space to work. Defendant then informed Plaintiff that he would also be working for the surveying department because there was not enough work for two GIS technicians. Plaintiff's performance was again exemplary, however, and he received another $4,000.00 bonus in November, 2003.

15. On or about January 23, 2004, Plaintiff was terminated without cause.

16. All conditions precedent to the maintenance of this action have occurred.

**Count I**
**Violation of 38 U.S.C. § 4311 - Discrimination Against Uniformed Service Member**

17. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 16.

18. Plaintiff brings this action for relief pursuant to 38 U.S.C. § 4323(2).

19. At all material times, Plaintiff was a member of a "uniformed service" within the meaning of 38 U.S.C. § 4303(16).

20. At all material times, Defendant was Plaintiff's "employer" as that term is defined by 38 U.S.C. § 4303(4).

21. Defendant's acts, through its agents, violated 38 U.S.C. § 4311(a) in that Defendant denied Plaintiff retention in employment and other benefits of employment on the basis of Plaintiff's membership, performance of service, or obligation to perform service in a uniformed service.

22. Plaintiff's membership, service, or obligation for service in the uniformed services was a motivating factor in Defendant's actions.

23. Defendant's failure to comply with the provisions of 38 U.S.C. § 4311(a) was willful.

24. As a result of Defendant's acts, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment for damages, including lost wages, liquidated damages, interest, attorneys' fees and costs pursuant to 38 U.S.C. § 4323(h), and requests injunctive relief, including, but not limited to, front pay, reinstatement of employment and employment benefits, and enjoinment of Defendant from any further prohibited discrimination against Plaintiff, and for all other relief, legal and equitable, that this Court deems appropriate, and Plaintiff further respectfully requests a trial by jury of all issues so triable.

## Count II
## Violation of 38 U.S.C. §§ 4312 and 4313 - Reemployment Rights and Positions

25. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 16.

26. Plaintiff brings this action for relief pursuant to 38 U.S.C. § 4323(2).

27. At all material times, Plaintiff was a member of a "uniformed service" within the meaning of 38 U.S.C. § 4303(16).

28. At all material times, Defendant was Plaintiff's "employer" as that term is defined by 38 U.S.C. § 4303(4).

29. Plaintiff was entitled to reemployment by Defendant in accordance with 38 U.S.C. § 4312 for the following reasons:

    a. Plaintiff was absent from his position of employment with Defendant by reason of service in the uniformed services for a period greater than 180 days. The cumulative length of the absence and of all previous absences with Defendant did not exceed five years;

    b. Plaintiff gave advance notice of his service to Defendant; and

    c. Upon completion of his period of service in the uniformed services, Plaintiff notified Defendant of his intent to return to a position of employment with Defendant by applying for reemployment with Defendant not later than 90 days after the completion of his service.

30. Defendant violated 38 U.S.C. § 4313(2) by failing to reemploy Plaintiff as follows:

    a. In the position of employment in which Plaintiff would have been employed if his continuous employment with Defendant had not been interrupted by

     Plaintiff's uniformed service, or a position of like seniority, status, and pay, or

  b. In the position in which Plaintiff was employed on the date his service commenced, or a position of like seniority, status, and pay, if Plaintiff was not qualified to perform the duties described above, but only after Defendant exercised reasonable efforts to qualify him.

31. Defendant did not comply with 38 U.S.C. § 4313(2). Instead, Defendant forced Plaintiff to move from one office to another trying to find a space to work. Defendant then informed Plaintiff that he would also be working for the surveying department because there was not enough work for two GIS technicians. Defendant ultimately terminated Plaintiff.

32. Defendant's failure to comply with the provisions of 38 U.S.C. § 4313 was willful.

33. As a result of Defendant's acts, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment for damages, including lost wages, liquidated damages, interest, attorneys' fees and costs pursuant to 38 U.S.C. § 4323(h), and requests injunctive relief, including, but not limited to, front pay, reinstatement of employment and employment benefits, and enjoinment of further violations, and for all other relief, legal and equitable, that this Court deems appropriate, and Plaintiff further respectfully requests a trial by jury of all issues so triable.

## Count III
### Violation of 38 U.S.C. §§ 4312 and 4316 - Reemployment Rights and Benefits

34. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 16.

35. Plaintiff brings this action for relief pursuant to 38 U.S.C. § 4323(2).

36. At all material times, Plaintiff was a member of a "uniformed service" within the meaning of 38 U.S.C. § 4303(16).

37. At all material times, Defendant was Plaintiff's "employer" as that term is defined by 38 U.S.C. § 4303(4).

38. Plaintiff was entitled to reemployment by Defendant in accordance with 38 U.S.C. § 4312 for the following reasons:

   a. Plaintiff was absent from his position of employment with Defendant by reason of service in the uniformed services for a period greater than 180 days. The cumulative length of the absence and of all previous absences with Defendant did not exceed five years;

   b. Plaintiff gave advance notice of his service to Defendant; and

   c. Upon completion of his period of service in the uniformed services, Plaintiff notified Defendant of his intent to return to a position of employment with Defendant by applying for reemployment with Defendant not later than 90 days after the completion of his service.

39. Defendant violated 38 U.S.C. § 4316(c)(1) by discharging Plaintiff without cause less than one year after the date of his reemployment.

40. Defendant's failure to comply with the provisions of 38 U.S.C. § 4316 was willful.

41. As a result of Defendant's acts, Plaintiff has suffered damages, including lost wages and benefits.

WHEREFORE, Plaintiff demands judgment for damages, including lost wages, liquidated damages, interest, attorneys' fees and costs pursuant to 38 U.S.C. § 4323(h), and requests injunctive relief, including, but not limited to, front pay, reinstatement of employment and employment benefits, and enjoinment of Defendant from any further violations, and for all other relief, legal and equitable, that this Court deems appropriate, and Plaintiff further respectfully requests a trial by jury of all issues so triable.

### Count IV
### Violation of § 250.481, Fla. Stat. (2003) - Employment Discrimination

42. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 16.

43. At all times material, Plaintiff was a member of a reserve component of the Armed Forces.

44. Defendant violated section 250.481, Florida Statutes (2003) by denying Plaintiff retention in employment, or any promotion or advantage of employment, because of his obligation as a member of a reserve component of the Armed Forces.

45. Defendant's discrimination against Plaintiff in violation of 250.481, Florida Statutes (2003) was done with malice and reckless indifference to Plaintiff's protected rights.

46. As a result of Defendant's discrimination against Plaintiff, Plaintiff has suffered mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, and other monetary damages. The losses and expenses are permanent and continuing and Plaintiff will continue to suffer the losses in the future.

8

WHEREFORE, Plaintiff demands judgment for damages, punitive damages, interest, costs, attorneys' fees, and back pay, and requests injunctive relief, including, but not limited to, front pay, enjoinment of Defendant from any further prohibited discrimination against Plaintiff, and for all other relief, legal and equitable, that this Court deems appropriate, and Plaintiff further respectfully requests a trial by jury of all issues so triable.

DATED this 22nd day of March, 2004.

William J. Cook, Esquire
Florida Bar No. 986194
Trial Counsel
BARKER, RODEMS & COOK, P.A.
300 West Platt Street, Suite 150
Tampa, Florida 33606
(813) 489-1001 - Telephone
(813) 489-1008 - Telecopier
Attorneys for Plaintiff